## In re SCHUNEMAN.

### NERGE v. GLOS.

(Circuit Court of Appeals, Seventh Circuit. May 11, 1923.)

Nos. 3167, 3168.

1. **Judgment ⬤⫸754—Lien on real estate only by virtue of statute.**

At common law a judgment creates no lien on lands of the defendant, and it becomes a lien and effective only by the force of some statute, and only in the mode, at the time, and under the conditions and limitations imposed by the statute.

2. **Judgment ⬤⫸782—Neither judgment nor execution held to constitute a lien on real estate subsequently acquired under Illinois statute.**

Under the Illinois statute (Laws 1871–72, p. 505) providing that a judgment shall be a lien on real estate of defendant for seven years, but that, if no execution is issued within one year, it ceases to be a lien, with the further provision that "execution may issue on such judgment at any time within said seven years, and shall become a lien on such real estate from the time it shall be delivered to the sheriff," it is the execution, and not the judgment, that is the lien under the latter provision, and where no execution was issued within one year, but one was thereafter issued, which was returned nulla bona, neither judgment nor execution is a lien on real estate subsequently acquired by defendant.

Petition to Review and Revise, and Appeal from, the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of William H. Schuneman, bankrupt; E. H. Glos, trustee. Millie Nerge appeals from, and petitions to revise an order of District Court. Affirmed.

Conrad H. Sippel, of Chicago, Ill., for petitioner and appellant.

Harold F. White, of Chicago, Ill., for respondent and appellee.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

PAGE, Circuit Judge. As we view this case, the only question is: Where no execution is issued within one year on an Illinois judgment, but one is issued later and returned nulla bona, does that execution so affect the judgment that it becomes a lien on real estate subsequently acquired? Appellant concedes that, unless such is the effect, the order appealed from must be affirmed.

[1] At common law a judgment created no lien on the lands of the defendant. Durham v. Heaton, 28 Ill. 264, 81 Am. Dec. 275. The Illinois statute of 1845 (Rev. St. 1845, c. 57, § 1) made a judgment a lien on real estate, provided execution issued within one year. In 1869, the Illinois Supreme Court said:

"The lien of judgments on real estate, and the power to sell lands under execution, is regulated alone by statute. The lien only attaches and becomes effective by force of the statute, and only in the mode, at the time, and upon the conditions and limitations imposed by it. It receives no vigor or even aid from the common law, to which it was unknown." Tenney v. Hemenway, 53 Ill. 97, 101.

⬤⫸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The act of 1872 (Laws 1871–72, p. 505), which is substantially the present statute, provided that a judgment became a lien from its rendition for seven years, but if no execution was issued within one year it thereafter ceased to be a lien. There was and is now the further provision:

"Execution may issue on such judgment at any time within said seven years, and shall become a lien on such real estate from the time it shall be delivered to the sheriff."

Under that statute, the Supreme Court of Illinois has held (Dobbins v. First Nat. Bank, 112 Ill. 553, 561):

"By the act of 1872, it seems that a mere judgment, by its own force, becomes a lien at once, and from its date. If no execution be issued within a year, the judgment lien ends; but if execution be sued out after the expiration of the first year, and within seven years from the date of the judgment, such execution becomes a lien from the time it comes to the hands of the sheriff to be executed, and if not levied within the seven years, that execution ceases to be a lien."

As, under the circumstances stated, it is the execution, and not the judgment, that is a lien, the order of the District Court is affirmed.